**STATE of Oklahoma, Appellee,**

v.

**Auburn Chad ODOM, Defendant,**

**Ranger Insurance Company, Appellant.**

**No. 83124.**

Court of Appeals of Oklahoma, Division No. 3.

Feb. 21, 1995.

77. 21 O.S.Supp.1985, § 701.13.

Larry Tedder, Oklahoma City, for appellant.

Robert H. Macy, Dist. Atty. and James B. Robertson, Asst. Dist. Atty., Oklahoma City, for appellee.

### *OPINION*

HUNTER, Judge:

The defendant, Auburn Chad Odom, was arrested on a warrant charging him with six different counts relating to drugs. The warrant indicated he could be released on posting bail in the amount of $51,000. On May 19, 1993 bail bonds to guarantee his appearance on June 3, 1993 were posted as follows:

| | |
|---|---|
| Distribution of CDS | $ 7,500 |
| Trafficking in Illegal Drugs | $25,000 |
| Distribution of CDS | $ 7,500 |
| Maintaining a place for selling CDS | $ 7,500 |
| Selling CDS without a tax Stamp | $ 7,500 |
| Possession of Marijuana | $ 1,000 |
| Possession of Marijuana with intent to Dist | $ 3,000 |
| Delivery of Marijuana | $ 5,000 |
| For a total of | $64,000 |

On June 3, 1993 defendant was arraigned in district court on six counts and bond was set, according to the arraignment minute, at $64,000.00 to guarantee his appearance for preliminary hearing on July 12, 1993. On June 19, 1993 the following bail bonds were filed:

| | |
|---|---|
| Count–1 Trafficking in Illegal Drugs | $25,000 |
| Count–2 Distribution of CDS & Count–4 Maint a place where CDS is kept | $ 9,500 |
| Count–5 Possession of CDS and Count–6 Using a com facility in Commission of a felony | $ 9,500 |
| Count–3 Conspiracy to distribute CDS | $20,000 |
| For a total of | $64,000 |

These bonds were accepted and approved by a deputy court clerk of the District Court of Oklahoma County. Title 22 O.S.1991 § 1101 provides, in pertinent part, that bail may be taken by the clerk of the district court or his deputy.

On July 12, 1993 preliminary hearing was waived and pretrial set for August 13, 1993. On August 13, 1993 pretrial was continued to August 18, 1993. On August 18, 1993 defendant failed to appear, the court issued four orders and judgments of forfeiture, reflecting each of the four appearance bonds and issued an alias warrant with a new bond amount of $128,000.00.

Appellant, Ranger Insurance Company, filed a motion to set aside bond forfeiture, alleging its agent, the bondsman, had exceeded his authority by stacking the bonds and that this was evident on the powers of attorney attached to each bond. Therefore, Appellant argued, the bonds were void on their faces and Appellant could not be held liable. The language relied on by Appellant is a clause which states that the power is void "if used with other powers of the company or in combination with powers from any other surety company ..."

The trial court denied the motion to vacate the bond forfeitures, setting forth his reasons in the record as follows:

> My belief is, and I think based upon what has been represented to me by counsel, that if these were filed as six separate counts the bondsman would have the authority to write six separate bonds on six different case numbers.

> In Oklahoma County we charge by count rather than cases for a bookkeeping procedure to the extent that it simplifies the filing of charges and makes it much easier to keep up with what's going on with a particular defendant and it simplifies the prosecution of cases both by the state, the defense of case by defense counsel and the management of the cases by the Court and their dockets.

> So my belief is that in this case this is not stacking but this is merely the setting of separate bonds on separate counts that would have been done otherwise if these were filed as cases rather than counts. They are one in the same in my mind. So based upon that, this Court's decision will be to deny the application to set aside the bond forfeiture.

Black's Law Dictionary, Fifth Edition, defines the noun "count", in pertinent part, as follows:

> The different parts of a declaration, each of which, if it stood alone would constitute a ground for action. ... Used also to signify the several parts of an indictment, each charging a distinct offense. ... "Count" and "charge" when used relative to allegations in an indictment or information are synonymous.

The sole issue presented on appeal is whether the trial court erred in finding that the bonds posted (and their underlying powers of attorney) did not constitute "stacking." If it were stacking, Appellant argues, then the bonds are void and Appellant is not liable.

The "stacking" which Appellant sought to prohibit by its powers of attorney would take place if two powers of attorney were used together to make one bond on one charge or count. That was not done here. The trial court's finding that the bonds posted did not constitute stacking was correct and the judgment appealed from is AFFIRMED.

AFFIRMED.

ADAMS, J., concurs.

GARRETT, C.J., dissents.